**THOMPSON LAW OFFICE, LLC**
Colin M. Thompson, Esq.
2nd Floor, J.E. Tenorio Bldg.
PMB 917 Box 10001
Saipan, MP 96950
Telephone No.: (670) 233-0777
Facsimile No.:  (670) 233-0776
cmtlaw@live.com

*Attorney for Plaintiff*

FILED
Clerk
District Court

MAR 0 5 2014

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| NERO ORTIZO,<br><br>    Plaintiff,<br><br>v.<br><br>DOCOMO PACIFIC INC.,<br><br>    Defendant. | CIVIL CASE NO. 14-0006<br><br>**COMPLAINT**<br>**DEMAND FOR JURY** |

**COMES NOW**, the Plaintiff, Nero Ortizo, by and through the undersigned counsel, and alleges as follows:

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended and Section 1981 of the Civil Rights Act of 1866 as amended, against Defendant for unlawful employment practices on the basis of race, color, national origin, and retaliation. Nero Ortizo ("Mr. Ortizo") alleges that Docomo Pacific Inc., ("Defendant") subjected him to discrimination on the basis of race, color, national origin, alienage and retaliation.

1

## JURISDICTION AND VENUE

1. The United States District Court for the Northern Mariana Islands is the proper venue for this action pursuant to 28 U.S.C. §§ 1331, 1343, 1391 (b)(1) and (b)(2), because this is the District in which Mr. Ortizo resided and in which a substantial part of the events or omissions giving rise to the claims occurred.

2. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1), (3)(a) ("Title VII") and Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

3. All conditions precedent to the institution of this lawsuit have been fulfilled.

4. On March 5, 2013, Mr. Ortizo filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendant.

5. On December 18, 2013, the EEOC issued a Notice of Right to Sue the Defendant based on the Charge of Discrimination to Mr. Ortizo.

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of the Northern Mariana Islands.

## PARTIES

7. At all times relevant hereto, Mr. Ortizo resided in the CNMI.

8. Mr. Ortizo was employed by the Defendant.

9. At all relevant times, the Defendant, Docomo Pacific Inc., was a corporation organized under CNMI law doing business in the CNMI and in the jurisdiction of the United States District Court of the Northern Mariana Islands.

10. At all times relevant hereto, the Defendant was an employer within the meaning of Title VII.

11. At all relevant times, the Defendant continuously employed fifteen (15) or more persons.

12. At all relevant times, Defendant continuously engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## FACTUAL BACKGROUND

13. Mr. Ortizo moved to Saipan from the Philippines in 1989.

14. Mr. Ortizo worked for various telecommunication companies from 1989 to 1995 as a Technician.

15. In 1997, Saipan Cellular and Paging hired Mr. Ortizo as a System Engineer.

16. In 2000, Saipancell Communications promoted Mr. Ortizo to the position of Network Operations Manager.

17. In 2006, Docomo Pacific Inc. aka NTT Docomo acquired Guamcell and Saipaincell and retained Mr. Ortizo as Network Operations Manager.

18. In 2010, the Defendant hired John Wu as the Chief Network Officer (CNO).

19. From 2010-2012, John Wu was Mr. Ortizo's immediate supervisor.

## STATEMENT OF CLAIMS

### COUNT I

**DISCRIMINATION BASED ON RACE, COLOR, AND NATIONAL ORIGIN**

20. The allegations contained in paragraphs 1 through 19 are hereby incorporated by reference.

21. As Network Operations Manager, Mr. Ortizo supervised several engineers and technicians.

22. Andrew Hogeboom was one of the engineers Mr.Ortizo supervised.

23. Andrew Hogeboom is Caucasian.

24. Mr. Ortizo's national origin is Filipino and his race is Asian.Filipino.

25. Mr. Ortizo was treated less favorably than others similarly situation on account of race, color and national origin.

26. Defendant favored employees who were not Asian or Filipino.

27. Defendant discriminated against Mr. Ortizo by paying non-Asian and non-Filipino employees a higher salary than Asian and Filipino employees.

28. The Defendant paid Andrew Hogeboom a salary that was $20,000 higher than Mr. Ortizo's salary.

29. Andrew Hogeboom held a position subordinate to Mr. Ortizo yet the Defendant discriminated against Mr. Ortizo by paying Andrew Hogeboom more than Mr. Ortizo. .

30. The difference between Andrew Hogeboom and Mr. Ortizo was Mr. Ortizo's race, color and national origin and therefore defendant unlawfully discriminated against Mr. Ortizo by paying him less that Andrew Hogeboom.

31. Defendant subjected Mr. Ortizo to unwelcome discrimination and harassment based on his race, color and national origin.

32. The discrimination complained of affected a term condition and privilege of employment.

33. Defendant knew or should have known of the discrimination in question and failed to take prompt remedial action.

34. The effect of the practice complained of above has been to deprive Mr. Ortizo of

equal employment opportunities and otherwise adversely affect his status as an employee because of his race, color and national origin.

35. The unlawful employment practices complained of above were intentional.

36. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Ortizo.

37. Such adverse employment actions by Defendant were in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) and 42 U.S.C. § 1981.

38. As a result of Defendant' actions, Mr. Ortizo suffered irreparable injuries, including but not limited to emotional distress, loss of pay, benefits and other economic losses, and other compensatory damage for all of which he should be compensated.

## COUNT II

**RETALIATION**

39. The allegations contained in paragraphs 1 through 38 are hereby incorporated by reference.

40. Mr. Ortizo opposed Defendant's discriminatory employment practice of disparate pay based on race, color, national origin, and alienage.

41. From about June 1, 2003 to about November 6, 2012, Mr. Ortizo complained to Defendant that Defendant was paying non-Filipino employees a higher salary than Filipino employees.

42. Between about June 1, 2003 and November 6, 2012, Mr. Ortizo complained to the Defendant about the disparate pay between citizens and non-citizens.

43. Mr. Ortizo complained to his immediate supervisor about the disparate pay between Filipino and non-Filipino employees every year during his employee performance evaluation.

44. Between 2010 and 2012, Mr. Ortizo complained to his immediate supervisor, Defendant's CNO, John Wu, about the disparate salary, discrimination and hostility in the workplace.

45. In response, the Defendant began recruiting Mike Dilly, a Caucasian American, as Mr. Ortizo's potential replacement.

46. In retaliation for Mr. Ortizo's complaints, on November 6, 2012, the Defendant fired Mr. Ortizo.

47. The Defendant retaliated against Mr. Ortizo by terminating him for complaining about Defendant's discriminatory employment practices in violation of Title VII, 42 U.S.C. § 2000e-3(a).

48. The Defendant retaliated against Mr. Ortizo because he opposed race discrimination in violation of 42 U.S.C. § 1981.

49. As a result of Defendant' actions, Mr. Ortizo has suffered irreparable injuries, including but not limited to emotional distress, loss of pay, benefits and other economic losses and interest for all of which he should be compensated.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mr. Ortizo respectfully requests the following relief:

A. Order Defendant to make whole Ortizo by providing him appropriate back pay with prejudgment interest, and front pay in amounts to be determined at trial, and/or other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

B. Order Defendant to make whole Ortizo by providing him compensation for past and future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

C. For special and compensatory damages according to proof;

D. For reasonable attorney's fees incurred and costs of suit incurred;

E. For Liquidated Damages;

F. For Punitive Damages; and

G. For such further relief as the court may deem proper.

Submitted this 5th day of March, 2014.

THOMPSON LAW OFFICE, LLC

By: */s/ Colin M. Thompson, Esq.*
**COLIN M. THOMPSON**
Attorney for Plaintiff